JOHN M. MAY, Plaintiff in Error,

*vs.*

THE MIL. & MISS. R. R. Co., Defendant in Error.

ERROR TO THE ROCK COUNTY COURT.

The term "jury," as used in the Constitution of this State, means a jury of twelve good and lawful men.

The statute creating the County Court, in so far as it provides for the trial of fact by a jury of six men instead of twelve, is repugnant to the Constitution of this State and void.

This right may be waived by the party, directly or indirectly. But if a party demand his trial by jury, and that is denied, he does not waive that right by afterwards submitting to a trial by the court.

This was an action of assumpsit brought in the Rock County Court to recover eight equal monthly payments with interest thereon, upon an alleged subscription of five shares of one hundred dollars each to the capital stock of the Milwaukee & Mississippi Railroad Company, payable in eighteen equal monthly payments, commencing on the first day of September, 1852.

The issue in this case having been made up, the cause was brought on for trial at the August term of the Rock County Court, 1853. Before the cause came on for a trial, defendant moved the court for a jury to try the issue, consisting of twelve good and lawful men of the county of Rock, and for a venire, and deposited with the clerk four dollars and fifty cents as fees for the jurors and sheriff in that behalf; which motion was denied, and the defendant excepted. As

June Term
1854.

May
vs.
Mil. & Miss.
R. R. Co.

this was the only point decided in this case, a further statement of facts is unnecessary.

*Yates & Ely*, for plaintiff in error.

*J. A. Sleeper*, for defendant in error.

*By the Court*, CRAWFORD, J.    On the trial of this cause in the County Court, the defendant in the action claimed the right of a trial of the issue joined, by a jury of twelve men, and objected to a trial by a jury of six men.

The County Court denied the right claimed, and overruled the objection of the defendant, and he took exception to the ruling of the court.

In the case of *Norval vs. Rice and wife*, 2 *Wis. R.* 22, we decided that the refusal to give a trial of fact by a jury of twelve men, was the denial of a right secured by the Constitution of this State, and we reversed the judgment in that case, because of the denial of a trial by a jury of twelve.   The principle decided in that case is decisive in the case now before us, and because the defendant below was refused a trial by jury in the mode secured to him by the Constitution, the judgment must be reversed, and a new trial ordered.   No other point is decided in this case.